CITY OF ST. GEORGE, Respondent,

v.

Katherine SCHWAB, Appellant.

No. ED 79858.

Missouri Court of Appeals, Eastern District, Division Two.

May 28, 2002.

Robert A. Ciuffa, St. Louis, MO, for appellant.

John Malec, St. Louis, MO, for respondent.

Before GEORGE W. DRAPER III, P.J., MARY R. RUSSELL, J., and MARY K. HOFF, J.

### ORDER

PER CURIAM.

Katherine Schwab (hereinafter, "Appellant") appeals from the judgment of conviction, entered pursuant to jury verdicts, of three municipal ordinances of the City of St. George (hereinafter, "the City"). Appellant was found guilty of resisting arrest, CITY OF ST. GEORGE, Mo., ORDINANCE Section 215.645 [1]; assault, CITY OF ST. GEORGE, Mo., ORDINANCE Section 215.300; and refusal to identify as a witness, CITY OF ST. GEORGE, Mo., ORDINANCE Section 215.665. The trial court entered judgment in accordance with the verdicts and assessed a fine of $100 for each count.

Appellant raises four points on appeal. First, she claims that the trial court erred in failing to grant her motion to dismiss in that all the charges were the fruits of the

1. There is no reference in the legal file as to when these ordinances were enacted.

**666**

poisonous tree proceeding from the unlawful, warrantless entry into her home and her arrest. In her second point, Appellant avers the trial court erred in failing to grant her motion for judgment of acquittal for the charge of refusal to identify as a witness in that the City failed to prove its case or submit sufficient evidence to convict her. Next, Appellant believes that the wrong verdict instruction was submitted to the jury, and lastly, that the City failed to prove its case or submit sufficient evidence regarding the resisting arrest charge against her.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. No error of law appears. Further there is sufficient evidence from which a reasonable jury might have found Appellant guilty beyond a reasonable doubt. *State v. Clay*, 975 S.W.2d 121, 139 (Mo. banc 1998). An extended opinion would have no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment. We affirm the judgment pursuant to Rule 30.25(b); Rule 84.16(b).